## LULA STEVENS v. WILLIAM E. MOORE.

**Attachment for Rent — When not Maintainable — Code of 1880.**

> Unless the relation of landlord and tenant exists the statutory remedy of attachment for rent cannot be resorted to and it is essential that the demand be for rent.[1]

Attachment for rent by appellee against appellant. From verdict and judgment for defendant plaintiff appeals.

---

1.

Any one entitled to attach for rent under chapter 21, Code 1871, may avail of the remedy given by the Agricultural Lien Law of 1876. (Laws, p. 109.) Tucker v. Whitehead, 58 Miss. 762.

The purchaser of land from the landlord or at the partition sale is entitled to the rent falling due after his purchase, if not expressly reserved, and may distrain therefor, notwithstanding a rent note, previously given therefor, had been assigned by the landlord to another, who contests the purchaser's right to such rent. Watkins v. Duvall, 69 Miss. 364, 13 So. 727; Bowdre v. Sloan, 69 Miss. 369, 11 So. 631.

Since the privity of estate necessary to support an attachment for rent is destroyed by an assignment of the term, goods on leased premises (other than agricultural products), if sold by the lessee to the assignee of the term, cannot be seized for rent accruing after the assignment upon an attachment against the lessee. Nor can such assigned goods be attached for rent under section 1317, Code 1880, though on the leased premises, for the assignee is not "bound" or "liable for" the rent, there being no privity of contract between him and the lessor. Patty v. Bogle, 59 Miss. 491.

Although the landlord's lien passes by assignment, the assignee cannot resort to the statutory remedy of attachment for rent. Newman v. Bank, 66 Miss. 323, 5 So. 753; Gross v. Bartley, 66 Miss. 116, 5 So. 225.

The remedy is limited by statute to the landlord or the grantees of the

Appellant, Lula Stevens, and J. L. Stevens were the owners, as tenants in common, of certain lands in Clay county. J. L. Stevens was in possession, Lula Stevens not living in the county at the time of the rent contract. J. L. Stevens, in January, 1881, leased the lands, by a written contract, to G. H. Burkett for two years, 1881 and 1882.

At the same time the lease was executed Burkett executed his two notes payable to J. L. Stevens, one for nine bales of lint cotton, rent for the year 1881, and the other for nine bales of lint cotton, rent for the year 1882. J. L. Stevens assigned these notes to appellee Wm. E. Moore. On the trial J. L. Stevens testified that he transferred the notes to Moore about the 1st of January, 1881, and at that time it was agreed and understood that Moore was to pay one bale cotton to Lula Stevens for each of the two years of the lease as her part of the rent. Wm. E. Moore testified that he never agreed to pay Lula Stevens anything for the year 1882, the year for which the rent was claimed.

APPEALED from Circuit Court, Clay county, JAMES M. ARNOLD, Judge.

demised premises, or of the reversion thereof, their heirs, executors, and administrators. (Taylor v. Nelson, 54 Miss. 524, distinguished.) Gross v. Bartley, 66 Miss. 116, 5 So. 225.

There must be a lease to entitle to the remedy. Tifft v. Verden, 11 S. & M. 153.

The agent must carry on the proceedings in the landlord's name. Parker v. Stovall, 31 Miss. 446.

The rent must be definite. Briscoe v. McElween, 43 Miss. 556.

A landlord who takes the note of his tenant for rent, and afterward, during the term and before the rent is due, conveys the rented land to another, cannot thereafter attach for the rent. Watkins v. Duvall, 69 Miss. 364, 13 So. 727.

Goods assigned to an assignee in an ordinary voluntary assignment for creditors, which are liable to be attached for rent, may still be subjected to the landlord's demand. Paine v. Sykes, 72 Miss. 351, 16 So. 903.

The assignee of a rent note may distrain for the amount thereof. Coker v. Britt, 78 Miss. 583, 29 So. 833.

The assignee of a rent note who has advanced supplies to the tenant on a parol agreement that he should be subrogated to all the rights of the landlord in respect thereto is not made landlord thereby and cannot distrain for the supplies. Coker v. Britt, 78 Miss. 583, 29 So. 833.

There is no privity of contract between a landlord and a sub-tenant, and the former cannot maintain an attachment for rent against the latter. Ashley v. Young, 79 Miss. 129, 29 So. 822.

Affirmed, January 21, 1884.

*Attorney for appellant, Thos. E. Bugg.*

*Attorneys for appellee, Beall & Herndon.*

Brief of Thos. E. Bugg:

\* \* \* This court decided in Marye *v.* Dyche, 42 Miss. 347, " the policy of the law respecting distress for rent has been changed by our statute, and a distress for that purpose is now no more than a summary method of seizing under a writ of attachment, the tenant's property and selling the same to satisfy the rent which he owes."

So that the attachment for rent will lie in those cases now under our statute, where the common-law process of distress would. To determine Lula Stevens' rights in this case, the question arises, did the relation of landlord and tenant subsist to the extent to authorize the attachment for rent? To which there can be but one answer, that such relation *did subsist.*

" The tenancy that will authorize a distress need not necessarily be in writing, nor in any particular form, for a lease may be inferred from circumstances; a parol lease will be sufficient; and *very slight circumstances* will constitute a tenancy for this purpose; as the admission by a party holding under an agreement of a charge of half a year's rent, in an account between him and his landlord, or the payment of a previous quarter's rent." Taylor's Landlord & Tenant, § 563.

Moore *admits* that he *paid rent* for the year 1881.

" So a holding over after the expiration of a lease for a year, is a continuation of the former tenancy and subjects the tenant to a distress whether the first demise be by deed or parol. And the right subsists if the lease under which the tenant holds is void under the statute; for though it may be void, as a lease for the term, it yet inures as a tenancy *from year to year,* and must regulate the terms on which the tenancy subsists in all other respects except in *duration.*" Taylor's Landlord & Tenant, § 564; Love *v.* Law, 57 Miss. 596.

Under these authorities the charge asked in the court below in behalf of the plaintiff Wm. E. Moore, is erroneous in point of

law, and the first assignment of error made in this court is well taken.

\* \* \* J. L. Stevens in his testimony says that when he transferred the rent notes, executed by Burkett to Moore, " it was understood between him and Moore, that Moore should pay one bale of cotton to Lula Stevens for the rent of her interest in the land for each of the years 1881 and 1882. Moore does not contradict this statement made by J. L. Stevens, and hence it must be true. So that Moore had notice, when the rent notes executed by Burkett were delivered to him in January or February, 1881, that Lula Stevens had an interest in the land which was then the subject-matter of rent, and that her rent interest would have to be satisfied out of the notes, that he was thus receiving by transfer from J. L. Stevens, and that he promised to pay this very rent in January or February, 1881, is thrown in his teeth without his denial, makes him responsible for it, unless he can escape by the Statute of Frauds, but it has been shown by the authorities already alluded to, that as he stands in the attitude of a tenant holding over from year to year, that the Statute of Frauds will not protect him. \* . \* \*

Brief of Beall & Herndon:

\* \* \* J. L. Stevens says that he handed over the two notes to Moore the last of January or 1st of February, 1881, and that at that time it was understood between him and Moore that Moore would pay *one bale of cotton* to Lula Stevens for the rent of her interest in the lands for each year of 1881 and 1882, that is, he was to pay her a bale of cotton 1st of December, 1881, and a bale December 1, 1882, for the rent of her interest for the land for the year 1882. This was the only time the matter was ever discussed between Moore and witness.

" There was no writing made, signed, or delivered between J. L. Stevens and Wm. E. Moore showing this agreement or understanding; it was a mere verbal agreement or understanding \* \* \* made either in January or February, 1881."

" No action shall be brought whereby to charge any person upon any contract for the sale of lands \* \* \* or the making of any lease thereof for a longer term than one year, or upon any agreement which is not to be performed within the space of one year from the making thereof, unless the promise or agree-

ment upon which said action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith," etc. Code 1880, § 1292.

There is no privity of contract nor privity of estate between Lula Stevens and Wm. E. Moore, and, therefore, distress against Moore will not lie in favor of appellant. Patty *v.* Bogle, 59 Miss. 491.

This case is decisive of the one at bar.

J. L. Stevens may be liable to his cotenant Lula Stevens, the appellant, for rent, but J. L. Stevens was the landlord of George A. Burkett, the tenant, and George H. Burkett, the tenant, assigned the lease to Moore, yet he, as tenant of J. L. Stevens, continued liable on his contract to his landlord, J. L. Stevens. Taylor's Landlord & Tenant, §§ 436, 437; Patty *v.* Bogle, *supra.*

\* \* \* There is a total variance between the appellant's proof and the affidavit made upon which the writ of attachment for rent was issued. There is no doubt that Moore is entitled to the cotton, unless it was rightfully seized by the officer, and the rightfulness of that seizure depends upon the truth of the affidavit. The affidavit is "that Wm. E. Moore is indebted to Lula Stevens two and one-fourth bales of cotton \* \* \* for rent in arrears on the land \* \* \* by virtue of a lease thereof by the said Lula Stevens for the term commencing on the 1st day of January, 1882. This affidavit is incorrect in the following particulars as shown by the proof of the appellee.; First, the lease under which Moore had began on the 15th of January, 1881, and ran for two years. Second, the lease was for nine bales of cotton and not for two and one-fourth. Third, the lease was made by J. L. Stevens as lessor with George H. Burkett as lessee. Fourth, Moore never made any contract with Lula Stevens to pay her rent, but only agreed with J. L. Stevens to pay her one bale of cotton out of what he might collect on the rent notes.

CAMPBELL, C. J., delivered the opinion of the court.

The relation of landlord and tenant did not exist between the appellant and the appellee, and, therefore, attachment for rent did not lie. It is true as argued by counsel for the appellant that slight circumstances may be sufficient to authorize a finding that the relation of landlord and tenant existed, and that, where

Statement of the Case.

there is a holding over, after a lease for one year, the tenant is liable as upon the terms of the former holding, and subject to attachment, but in this case it is quite clear that there was not such holding under the appellant as to make the rules of law invoked in her behalf applicable. The land was let by J. L. Stevens. The obligations for the rent for each year were made to him as promissee. He transferred them to the appellee upon an understanding with him as assignee of the cotton obligations that he would pay or deliver one bale of the rent cotton received by him to the appellant. This did not create the relation of landlord and tenant between the appellee and appellant, and her attachment for rent was not sustained.

Judgment *affirmed*.