## J. W. ROBERTS & CO. v. W. H. SIMS, TRUSTEE.

LANDLORD AND TENANT. *Certainty of amount of rent. Agreement to pay taxes.*
An agreement by a tenant to pay the taxes on a specified tract of land for a given year is sufficiently certain as to the amount to be paid, to secure to the lessor all the rights, given by the statute in relation to landlord and tenant, as to the agricultural products of the leased premises.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

W. H. Sims, trustee, brought this action of replevin against J. W. Roberts & Co. to recover possession of three certain bales of cotton, on which he claimed he had a prior lien by virtue of a certain deed of trust from one A. B. Sivley.

The evidence tended to show that Mrs. E. H. Sivley and her son, A. B. Sivley, entered into a verbal contract, by which it was agreed that A. B. Sivley should occupy certain lands belonging to Mrs. Sivley for the year 1886, in consideration of which the son should support the mother and her husband during that year, should keep the place in repair, "and pay all taxes on the land." Sivley went into possession of the land and executed a deed of trust on the crops to be grown thereon to one W. H. Sims, trustee, for the benefit of W. D. Lee, who was to furnish Sivley with plantation supplies. When the taxes on the land fell due, W. R. Sivley, a brother of A. B. Sivley, paid them, and thereupon A. B. Sivley, as agent for his mother, Mrs. E. H. Sivley, turned over three bales of cotton which he had raised on the place to W. R. Sivley for the purpose, as he claimed, of reimbursing W. R.

Sivley for the amount of taxes which the latter had so paid out, to wit, one hundred and seven dollars.

W. R. Sivley sold this cotton to J. W. Roberts & Co. for about one hundred and five dollars.

On the trial it was claimed for the plaintiff, among other things, that Mrs. Sivley had waived any right she may have had under the contract with her son by stating to Lee after the execution of the deed of trust that her son, A. B. Sivley, was to pay no rent. The evidence as to whether she made any such statement was conflicting.

The court instructed the jury for the plaintiff as follows :

" 1. If the jury believe from the evidence that the three bales of cotton in controversy are covered and embraced in the deed of trust signed by A. B. Sivley, and that the accounts due W. D. Lee by said A. B. Sivley and advanced under said deed of trust have not been fully paid and satisfied, then they will find for the plaintiff.

" 2. If the jury believe from the evidence that the contract between A. B. Sivley and his mother, Mrs. E. H. Sivley, was for paying taxes, making necessary repairs on the place, and for supporting his father and mother, and there was no specified sum named in the contract of the amount to be paid for improvements and for the support of his father and mother, and no specified amount of tax was to be paid, then Mrs. Sivley had no lien which she can enforce at law on said crop, and the jury must find for plaintiff."

The jury found for the plaintiff in replevin and the defendants appealed.

*C. S. North,* for the appellants.

I respectfully submit that the contract to pay the taxes is sufficiently definite and certain. " That is certain which can be made certain." It (the taxes) was an amount that could neither be increased nor diminished by either the lessor or the lessee. The lessor could not determine it for herself, and it could lead to no shadow of abuse or oppression. The reason, therefore, assigned in the cases cited utterly fails in this case. Besides, the lessee had delivered

the cotton, the price was fixed and determined, the taxes were known, and there was no more than enough to pay them. After all this this suit was begun.

I submit, then, that the court erred in giving the first and second instructions for the plaintiff.

*Wells & Williamson*, for the appellee.

1. Did Mrs. E. H. Sivley have such a contract with her son Andrew as gave her a lien on the crops for rent?

In order to give a landlord a lien for his rent there must be an express contract for rent, and the amount of rent must be certain.

The contract for rent—if, indeed, it can be called rent at all—was for three things; first, furnish all necessary repairs that the place may need; second, pay all taxes on the land; third, support the said R. and E. H. Sivley for the year.

We insist that there is nothing certain, nothing capable of being made certain, in this contract, and that, therefore, Mrs. E. H. Sivley had no lien for rent for that year on that crop. See *Briscoe* v. *McElween*, 43 Miss. 559; *Brooks* v. *Cunningham*, 49 Miss. 114.

2. Did Mrs. E. H. Sivley waive her rent, if we admit she had any due her, when she stated to Mr. Lee that her son Andrew paid no rent? We do not think it will be controverted that if Mrs. Sivley made this statement she could not assert her claim for rent as against W. D. Lee. But it is a disputed fact as to whether she made the statement or not. The preponderance of proof is that she did make the statement.

CAMPBELL, J., delivered the opinion of the court.

The first and second instructions for the plaintiff should not have been given. If the tenant was to pay the taxes on a specified tract of land for a given year, that was certain enough to secure to the lessor all the rights given by the statute as to the agricultural products of the leased premises for that item of the rent stipulated for, and it seems plain that this was the contract between Mrs. Sivley and her son as to the occupancy of the land; therefore, if the three bales of cotton were delivered to her for the payment of the taxes the tenant was to pay, her claim to the cotton was para-

mount to that of the claimant under the deed of trust if she had
not precluded herself by a waiver as alleged.

*Reversed and remanded.*