## W. E. PENNINGTON v. J. T. RICHIE.

### [57 South. 220.]

ATTACHMENT FOR RENT. *Appeal to supreme court. Jurisdictional amount.*

> In the case of an attachment for rent by the landlord for rent in arrears, where the tenant replevies the property seized, the test of the jurisdiction of the supreme court is the amount distrained for as fixed by the judgment of the lower court, where the amount is not fixed by the verdict and judgment the only way the amount is controversy can be ascertained is from the affidavit in attachment.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Attachment for rent by J. T. Ritchie against W. E. Pennington in which defendant replevied the attached property. From a judgment for plaintiff, defendant appeals.

Motion to dismiss in supreme court for want of jurisdiction.

The facts are fully stated in the opinion of the court.

*M. McCullough,* for appellant.

In view of the expressions of this court in the latter part of the opinion in *Biddle* v. *Pain,* 74 Miss. 494, if the verdict of the jury and the judgment of the court were valid and in conformity with the law, it might be conceded that this motion is worthy of serious consideration. But it is my contention, and I am supported by the opinion, that the "amount in controversy," to-wit, forty-seven dollars and eighty cents, as fixed in the lower court's judgment, is plainly erroneous, because the court in this case had no legal authority to adjudge any amount due by Pennington to Richie, unless such amount is fixed by the

jury in its verdict. The verdict in this case is, "We the jury find for the plaintiff that the attachment was rightfully sued out." The amount claimed by the landlord's affidavit is seventy-five dollars. After the verdict of the jury was returned the lower court entered up a judgment not only that the attachment was rightfully sued out but that Richie should recover of and from Pennington and his sureties the sum of forty-seven dollars and eighty cents. In the *Biddle* v. *Paine case, supra,* the jury fixed the amount due by the tenant under proper instructions. That state of case does not apply in the case here under consideration.

In the *Paine* v. *Biddle case, supra,* the distinction between the ordinary case in replevin and a replevin by a. tenant against the landlord in attachment is made clear. It seems to me, if that distinction is here maintained, taking at the time into consideration the palpable erors in the form, substance, and manner of the judgment in this case, the appellee's motion must be overruled. If the circuit court could arbitrarily, over appellant's objections, fix an amount due by Pennington to Ritchie, it would then follow that the amount sued for to-wit, seventy-five dollars might have been fixed in the judgment in consequence of that verdict just as well as to fix the amount at forty-seven dollars and eighty cents. What course of reasoning could support such a contention? The court's judgment must follow the verdict of the jury.

The jurisdiction of the supreme court seems to be fixed by the amount for which the landlord "might have obtained judgment." *Schlicht* v. *Callicott,* 76 Miss. 487. This suit was for seventy-five dollars. If this rule is. made to apply here, the motion must be denied.

*J. H. Sumrall,* for appellee.

This case necessarily comes before this court in the same form as presented in the court below.

The sole issue in the court below was presented by the appellant Pennington, who was the plaintiff there in a

replevin suit over the possession of agricultural products of the value of forty-seven dollars and eighty cents.

No other issue being presented in the trial, the verdict of the jury in the lower court could not involve anything except the property concerned in the replevin suit, of the fixed value of forty-seven dollars and eighty cents.

The appellant Pennington, being subtenant, and therefore only occupying the relation of surety for the rent due by the tenant, up to the amount of the value of the agricultural products raised on the premises by him, and not having disputed the amount of rent alleged by the landlord to be due, and having acquiesced in the fixing of the value of the property at less than the rent alleged to be due and demanded, had no interest in the amount of rent due over and above forty-seven dollars and eighty cents, the value of the property seized from him, as no judgment could have been rendered against him for the amount of rent due over and above the value of the property raised on the premises by him. Therefore I respectfully urge that the amount involved in this suit was only forty-seven dollars and eighty cents, and the judgment appealed from being only forty-seven dollars and eighty cents, the court has no jurisdiction and the appeal should be dismissed.

Smith, J., delivered the opinion of the court.

Appellee sued out an attachment against appellant and one D. B. Rockhold for the sum of seventy-five dollars for rent in arrears alleged to be due him as landlord. The writ was by the constable levied upon certain agricultural products, valued by him at the sum of forty-seven dollars and eighty cents. Appellant replevied the property under the provisions of section 2856 of the Code, and in due course appeared and prosecuted his claim in the court of the justice of the peace who issued the writ. The trial in that court having resulted in favor of the landlord, the cause was appealed to the circuit

court, wherein the verdict of the jury was as follows: "We, the jury, find for the plaintiff, that the attachment was rightfully sued out." Upon this verdict a judgment was entered directing appellant to restore the property replevied by him, and, in default thereof, that appellee recover of him and his sureties the sum of forty-seven dollars and eighty cents, the value of the property as shown by the return of the constable upon the attachment writ. The ground of the motion to dismiss is that, according to the judgment rendered, the amount in controversy is only forty-seven dollars and eighty cents, and that consequently an appeal does not lie from the judgment of the court below.

In *Biddle* v. *Paine,* 74 Miss. 498, 21 South. 250, it was held that the test of the jurisdiction of this court in cases of this character is the amount distrained for as fixed by the judgment of the court below. In the case at bar this amount was not fixed by the judgment; the verdict being wholly silent as to that feature of the case. Where this amount is not fixed by the verdict and judgment, the only way the amount in controversy can be ascertained is from the affidavit in attachment, the amount for which the landlord might have obtained judgment. *Schlicht* v. *Callicott,* 76 Miss. 487, 24 South. 869.

As the amount alleged in the affidavit is seventy-five dollars, the motion to dismiss is overruled.

*Overruled.*