## JESTER v. BICKERS et al.
### No. 3016.

Court of Civil Appeals of Texas. El Paso. June 14, 1934.

R. T. Meador and Dwight Whitwell, both of Dallas, for appellant.

Robert B. Holland and Touchstone, Wight, Gormley & Price, all of Dallas, for appellees.

PELPHREY, Chief Justice.

On May 19, 1931, appellant sold to F. W. Brett and wife, Inez Brett, lot 19 in block 19, Elmwood addition to the city of Dallas, Tex. First and second vendor's liens were retained to secure the payment of part of the purchase price of the property and a deed of trust was executed by the Bretts under which the property could be sold to satisfy either the first or second lien. The first lien note and the lien incidental thereto became the property of W. H. Bickers. Default was made in the payments and the property was sold by the trustee and purchased by Bickers. Bickers, thereafter, conveyed the property to Brett and wife, again taking vendor's lien note and reserving a vendor's lien on the property, the Bretts again executing a deed of trust to the property. The present suit was filed by appellant against the Bretts and Bickers alleging default by the Bretts in the payment of his second lien note.

Appellant prayed for judgment against the Bretts and Bickers jointly and severally, as follows:

"(a) That plaintiff have judgment against the defendants for the sum of $1100.00, together with interest thereon from November 19th, 1931, at the rate of eight per cent per annum and interest to accrue in the future until said judgment is paid at the legal rate of interest and ten per cent attorney's fees.

"(b) That plaintiff have judgment against defendants foreclosing his lien securing plaintiff's note for the sum of $1100.00 together with interest and attorney's fees and for deficiency judgment against Brett for such sum as may be due on said note after such foreclosure.

"(c) That plaintiff have judgment decreeing that equitable resulting trust be impressed on said note now held by the defendant, Bickers, and

"(d) That plaintiff have all judgments, decrees and orders in law or in equity, either general or special, as he may show himself entitled to in the premises, together with his costs in this behalf expended."

After the filing of this suit, but before judgment was rendered, default having been made by the Bretts in the payment of note held by Bickers, a sale of the property was made under the deed of trust and Bickers again became the purchaser of the property. During the pendency of the suit, Brett died and he was dismissed from the suit without prejudice. Upon hearing the court rendered judgment against Mrs. Brett for the amount of appellant's note and denied him all the other relief prayed for by him.

Appellant has appealed from the judgment rendered by the trial court complaining of the court's refusal to fix a lien upon the property and to grant him a foreclosure of his vendor's and deed of trust lien.

His propositions are:

"1. When the holder of a first lien buys in the property at his own trustee's sale and immediately thereafter reconveys the property to the debtor, who also owes a valid debt secured by a second lien, such procedure does not cut off the second lien, this being true regardless of whether there is any fraud or collusion.

"2. When the defendant, Bickers, acquired the fee title to the property by virtue of his trustee's deed his first lien was thereby liquidated, merged in the fee and ceased to exist.

"3. When the property was reconveyed by Bickers to Brett by warranty deed with

Bickers taking back a new note for an amount greatly in excess of his original lien, said note and lien being of a date subsequent to plaintiff's lien, Bickers' new lien attached to the property as an inferior or second lien subject to plaintiff's lien, which, by the action of Bickers and Brett, has become the first and superior lien on the property."

Under these propositions, appellant contends that the conduct of Bickers and Brett was such as to cause his original second lien to become a first and superior lien to the lien acquired by Bickers in his resale of the property to the Bretts or that if his lien be not a first and superior lien, that his original second lien is still valid and subsisting and that he was entitled to a foreclosure thereof.

Appellees counter with the following propositions:

"First Counter Proposition.

"The purchaser under foreclosure sale in the exercise of a power of sale given in a deed of trust takes the mortgagor's title divested of a junior incumbrance."

"Second Counter Proposition.

"Equity will not permit the merger of a legal title with the first lien where the effect of the merger would be to make the second lien prior to the first lien."

Appellant asserts that the exact question presented here appears to be one of first impression in this state, while appellees contend that the question was decided adversely to appellant's contention by our Supreme Court in the case of Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147, 150.

In the Hampshire Case the court, in passing upon the rights of a purchaser from the holder of a prior lien who had bought at a sale under a deed of trust, had the following to say:

"The prior lien had been foreclosed by a sale regularly and legally made, and the opportunity afforded plaintiff to pay off the prior lien, and thereby preserve the integrity of his junior lien. Ras Landry, having held the title emanating directly and exclusively from the same grantor as the lien claimed by plaintiff, could not be required to acquiesce in the foreclosure proceeding of plaintiff on the theory that a title to the land cannot be pleaded in bar of a proceeding to foreclose a lien against such land. If this principle is correct, then a prior lienholder with power of sale given by contract is restricted to foreclosure proceedings in equity in order to enforce his lien when the mortgagor has given a subsequent lien on the property to which proceeding such junior lienholder must be made a party. The recognition of this doctrine would in effect impair the obligation of contracts, and would place in the power of the mortgagor by an independent and subsequent act of giving a second mortgage lien on the property previously mortgaged with the power of sale, to revoke the exercise of such power of sale, and in the alternative, to require such prior lienholder to resort to the courts for an enforcement of his lien contrary to his agreement solemnly entered into, or failing to do this, to subject himself to the payment of the junior lien in order to preserve his title. * * *

"To hold that the defendant Landry could properly plead in bar of plaintiff's action to foreclose his junior lien against the property in controversy, in view of the fact that his claim is in common with that of plaintiff from the same mortgagor, is in no manner departing from the well-recognized doctrine in this state as held in the cases cited by plaintiff as above and in many other cases by our courts. If the junior mortgagee desired to protect his lien, it was his privilege and duty to pay off the prior lien. Not having exercised this privilege where the opportunity has not been denied him, he cannot by a suit to foreclose his junior lien under such circumstances deny the right of the holder under the foreclosure sale by the trustee to plead such title as a defense."

█ This holding, we think, is conclusive of the question as to the rights of the purchaser at a sale by the trustee under a prior lien, in the absence of fraud.

There are cases holding that fraud upon the part of the mortgagor or his grantee, in reacquiring the property by foreclosure of the first mortgage for the express purpose of cutting off the second mortgage, is reasonable grounds for holding that the rights of the latter must be protected. See Annotations 51 A. L. R. pages 447, 448 and 449.

There are also very few cases holding that even in the absence of fraud, the mortgagor or grantee is estopped to deny the second mortgagee's rights, and that the former's after-acquired title inures to the benefit of the latter. Martin v. Raleigh State Bank, 146 Miss. 1, 111 So. 448, 51 A. L. R. 442.

█ Appellant here, having realized on the sale of the prior lien note, is in no position to invoke the aid of a court of equity.

While appellant pleaded that there was a

scheme between Bickers and Brett to squeeze him out, there is no evidence in the record to substantiate such allegation. The fact that Bickers bought the property in and sold it again to the Bretts at an increased price is explained by Bickers' testimony to the effect that Brett intended to leave town and did not want the property, but later decided to stay and wanted it.

Bickers also testified that he had no conversation with Brett relative to the foreclosure.

Finding no error in the judgment, it is affirmed.

HIGGINS, J., did not participate in the disposition of this case.