RILEY *v.* HARDY *et al.*

(Division B. June 5, 1939.)

[189 So. 514. No. 33742.]

E. B. Patterson and C. E. Gibson, both of Monticello, for appellant.

Hugh McIntosh, Jr., of Collins, and G. Wood & Shirley Magee, of Monticello, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant, J. D. Riley, was the complainant in the court below, and the appellees, John C. Hardy, and W. R. and D. W. Rawls, Brookhaven Compress Company, and Hohenburg and Company, were the defendants. There are two principal questions involved; there are others which we do not deem of sufficient merit to require discussion. The two which we are of opinion should be discussed are:

(1) Whether the relation of landlord and tenant existed between Riley and Hardy during the year 1934; and (2) whether the defendants on the dissolution of the injunction issued in the cause were entitled to recover on the injunction bond a solicitor's fee for their services in procuring such dissolution.

The cause was heard on amended bill, exhibits thereto, answer and demurrers, and motion to dissolve the injunction, and oral testimony taken on the motion. There was a final decree dissolving the injunction, awarding defendants $62.50 as a fee for the services of their solicitors in having the injunction dissolved, sustaining the demurrers to the amended bill, and, Riley declining leave to plead further, a decree was entered dismissing the bill.

The facts are embodied in the amended bill and exhibits thereto, which exhibits include the proceedings in a former suit between Riley and Hardy, including the final decree in that cause, involving the title to the land on which Riley claims Hardy was his tenant for the year 1934. In substance, the following are the facts: Hardy owned 125 acres of farm land. He was indebted to Riley, and, to secure the indebtedness, he and his wife executed a deed of trust on the land in Riley's favor. Default was made in the payment of the indebtedness. Riley had the deed of trust foreclosed in pais on the 5th day of February, 1934. At the sale he bought the land, and received a conveyance from the trustee. On the 20th of the next month thereafter (March, 1934), Hardy filed his bill in the chancery court of Lawrence County, in which county the land is situated against Riley, attacking the validity of the foreclosure sale upon several grounds. Riley answered the bill, making his answer a cross-bill, denying the material allegations of the bill, and praying that his title to the land be confirmed, and judgment over for an amount which he claimed was an unpaid balance due him by Hardy. That cause was heard on the pleadings and oral and documentary evidence, resulting in a decree, rendered on the 31st day of January, 1935, dismissing

Hardy's bill and establishing Riley's title to the land under the foreclosure sale, and granting him the relief over, prayed for.

While that cause was pending and all during the year 1934, Hardy was in possession of the land, claiming title thereto and farming it. While the cause was pending and on the 9th day of October, 1934, Riley filed the bill in this cause and later his amended bill, to which he made exhibits the pleadings, exhibits, and final decree in the other cause. He charged in the amended bill that he had rented Hardy the land involved for the year 1934, at a rental of five bales of lint cotton, which had not, or any part thereof, been paid; that during that year Hardy had raised on the place at least ten bales of cotton and had sold and delivered them to B. W. and W. R. Rawls, merchants, who had in turn sold them to the Hohenburg Company, and which were stored when the original and amended bills were filed with the Brookhaven Compress Company, for which that company had issued negotiable warehouse receipts to the Hohenburg Company. The bill claimed a landlord's lien on the cotton for the amount of the rent, and that an injunction issue restraining the Hohenburg Company from disposing of the negotiable warehouse receipts for the ten bales of cotton stored with the compress company. An injunction without notice was issued as prayed for.

Under Section 2186 of the Code of 1930, to constitute the relation of landlord and tenant, so as to give the former a lien on the agricultural products produced on land, such relation must exist as a result of a contract either express or implied. Raleigh State Bank v. Williams, 150 Miss. 766, 117 So. 365; Stevens v. Moore, 1 Miss. Dec. 537; Roberts v. Sims, 64 Miss. 597, 2 So. 72; Hill v. Gilmer, Miss., 21 So. 528; Pennington v. Ritchie, 102 Miss. 133, 58 So. 657; Id., 100 Miss. 792, 57 So. 220; 35 C. J., Sections 2, 3, pages 951-952.

Which is to control in the consideration of this question —the allegation in the amended bill that Riley had rented

the land to Hardy for the year 1934, for which the latter agreed to pay five bales of cotton, or the pleadings, exhibits, and final decree in the case of Hardy v. Riley, which demonstrate that all during that year each of the parties was claiming to be the true owner of the land, Hardy being in the adverse possession thereof? We are of opinion that the latter must control. The decree rendered in that cause in the early part of 1935 adjudicates that question. Riley, as well as Hardy, is bound by that decree. Riley will not be heard to say in this case that he had rented the land to Hardy for that year in the face of the record in that case, which shows they were fighting at arms' length over both the title and posssession. The record in that case is an estoppel on Riley to claim the relation of landlord and tenant.

Was the allowance to the defendants on the injunction bond of a solicitor's fee authorized by law? We think that question should be answered in the negative. The evidence on the motion to dissolve the injunction, which was heard along with the main case, showed without conflict that the defendants' solicitors were to get a contingent fee; that is, they were to be paid nothing unless the chancellor allowed a fee as damages. In other words, there was no contract, express or implied, on the part of the defendants to pay their solicitors any fee in any amount whatever. While a contract for a contingent fee is binding between attorney and client who make it, it cannot be recognized as a proper basis on which to charge the adverse party in an assessment of damages upon the dissolution of an injunction. Such assessment must rest upon equitable ground, and not exceed the damages actually sustained. In no event can a defendant recover more than he has paid or has become bound to pay. 32 C. J., Sections 824, 825, pages 477, 478; Nixon v. City of Biloxi, 76 Miss. 810, 25 So. 664. The Nixon case is not directly in point on its facts, but it illustrates the principle. It was held in that case that a municipality defending by its attorney, whose actual salary was his only

compensation, was not entitled to solicitor's fee by way of damages on the dissolution of an injunction.

The result is that a decree dismissing the bill will not be disturbed, except as to the allowance of a solicitor's fee as damages on the dissolution of the injunction. That should not have been allowed. The cost of the appeal will be equally divided.

Affirmed in part and reversed in part.