204 So.2d 875 (1967)
Mrs. Lula HOLLAND
v.
BANK OF LUCEDALE et al.
No. 44653.
Supreme Court of Mississippi.
December 18, 1967.
*876 Parsons & Waits, Wiggins, for appellant.
O.F. & J.O. Moss, Lucedale, for appellees.
JONES, Justice:
Appellant filed suit in the Chancery Court of George County, Mississippi, seeking an injunction to prevent the foreclosure of a deed of trust executed by her, her husband (since deceased), and their son, Darwin Holland. On the final hearing, the chancellor dissolved the temporary injunction issued, holding that it was wrongfully issued and authorized the Bank to proceed with the foreclosure. From this decree comes this appeal. We affirm.
Mrs. Holland and her husband owned lands in George County, twenty acres of which were included in the deed of trust involved. On October 22, 1963, Mr. and Mrs. Holland with their son executed a promissory note payable to the Bank of Lucedale and the deed of trust was given to secure the payment thereof. The son owned no interest in the lands. On January 27, 1964, the accrued interest having been paid, the note was renewed, being due and payable on April 22, 1964. On September 16, 1963, Darwin Holland had borrowed from the Bank on his own note $2,523.38, which, when added to the note involved in this litigation, made his indebtedness about $4,500. He borrowed additional sums of $1,400 and $5,000 on the dates of February 4 and 28, respectively, of the following year, increasing his total indebtedness to the Bank to approximately $11,000 as of the latter date. None of the additional indebtedness was authorized by or brought to the attention of his parents. On April 24, 1964, Darwin Holland made a payment to the Bank of $3,065.82, reducing his total indebtedness to $8,917.54; and on that date the Bank marked the promissory note signed by all three parties "paid" and surrendered the note to Darwin Holland, but did not cancel the deed of trust.
The bill of complaint did not charge fraud (nor was there any proof thereof), misrepresentation, duress, undue influence, nor mutual mistake. It did not charge that the parties were unable to read and write nor that they were incompetent in any way. The chancellor so held as to the proof. It is true that the note signed by Mr. and Mrs. Holland, together with the deed of trust, was for the purpose of helping their son, Darwin, who was in the feed and fertilizer business; but the note and the deed of trust were signed by them as makers, and no where was there any indication of suretyship. The foreclosure which appellant attempted to enjoin, and did enjoin temporarily, was based upon the indebtedness due by the said son, Darwin Holland.
Appellant argues that the son, Darwin Holland, having no title in the lands involved, was not a "grantor" so as to bring him within what is called the "dragnet clause" of the deed of trust. She also argues that she executed the deed of trust as a surety.
These questions necessarily involve the provisions of the deed of trust itself.
The original note for $2,065.82 was on a regular form note and was signed on its face by Darwin Holland, Lloyd Holland, and Lula Holland. There is nothing on the note to show anything other than an *877 indebtedness due by the three jointly and severally.
The deed of trust securing the note begins:
Whereas Lloyd Holland & Lula Holland & Darwin Holland hereinafter called the grantor, whether one or more, is indebted to Bank of Lucedale. * * *
Said note being of even date and bearing interest at the rate of 8% per annum from maturity until paid and also providing for a reasonable attorney's fee, if not paid at maturity and placed in the hands of an attorney for collection, and said grantor, being desirous to secure by this deed of trust the prompt payment of said indebtedness at maturity as well as any renewals or extensions thereof, and any other indebtedness that said grantor, or any one of them, may owe the said grantee while this deed of trust is in force.
It further provided:
Therefore, in consideration of $1.00 in cash to grantor paid, the receipt of which is hereby acknowledged, and for the purpose of securing the prompt payment of said indebtedness at maturity as aforesaid and any and all renewals or extensions thereof, and any other and further indebtedness that grantor, or any one of them, may owe the said grantee while this deed of trust is in force, * * * (emphasis added).
For those purposes the land was conveyed to the trustee.
Appellant and her husband by the execution of this instrument agreed that the word "grantor" would apply to either one of the three; they further agreed that the deed of trust would secure any indebtedness due by either one of them during the life of this deed of trust.
The chancellor held, and rightly so, that during the life of this deed of trust the son, Darwin Holland, owed several thousand dollars, that appellant and the Bank in said deed of trust had agreed that the son would be classed as one of the grantors or that the word grantor in the deed of trust would refer to him as well as the other two, and that the said deed of trust would cover any indebtedness due by any one or more of the three.
As stated, there is nothing on the note or deed of trust to indicate in any way that it was given as surety, and there is no charge and no evidence that any fraud was perpetrated upon them or that they were unable to read.
We are bound to hold that the chancellor was correct in holding that the word grantor applied to the son as well as to his parents, that he was a grantor within the contemplation of the parties, and that there was no suretyship involved.
It is further argued that a note given in September, 1965, which was a consolidation and renewal of previous notes executed by the son including notes made during the life of the deed of trust, was a novation or cancellation of existing debts. With this we cannot agree since the note itself stated that it was secured by all deeds of trust and liens then in existence.
We think the case falls squarely within the holding of Walters v. Merchants & Manufacturers Bank of Ellisville, 218 Miss. 777, 67 So.2d 714 (1953), and that the cases cited by appellant are easily distinguishable.
Affirmed.
ETHRIDGE, C.J., and BRADY, INZER and ROBERTSON, JJ., concur.