434 So.2d 1351 (1983)
WHITEWAY FINANCE CO., INC.
v.
Washington GREEN, Jr.
No. 53820.
Supreme Court of Mississippi.
July 20, 1983.
James W. Newman, III, Jackson, for appellant.
William R. Collins, Montgomery, Smith-Vaniz & Stater, Canton, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
*1352 WALKER, Presiding Justice, for the Court:
This is an appeal from the Chancery Court of Madison County, Mississippi, wherein the court cancelled a deed of trust covering certain property belonging to the appellee, Washington Green, Jr., and ordered same to be cancelled of record. Aggrieved with the lower court's holding, the appellant has perfected its appeal to this Court.
In 1974 Percy Lee Green, the son of Washington Green, Jr., owned certain property located in Madison County, Mississippi. On September 10, 1974, he executed an installment note secured by a deed of trust covering said property to Delta Loans, Inc. for the total sum of $5,365.00.
Prior to the indebtedness on the deed of trust being fully paid and satisfied, Percy Lee Green conveyed his property to Washington Green, Jr., his father, by warranty deed duly recorded in the Madison County Clerk's office June 1, 1976.
The deed of trust executed by Percy Lee Green in favor of Delta Loans, Inc. contained what is commonly referred to as a "dragnet clause" which reads:
This deed of trust secures not only the aforementioned but also such future and additional advances as may be made to the grantors, or either of them, by the beneficiary in a sum not exceeding $50,000.00 (the beneficiary to be the sole judge as to whether or not any such future or additional advances will be made), as well as any additional indebtedness heretofore, now, or hereafter contracted with the beneficiary by the grantors, or either of them, before the cancellation of record of this instrument, whether such indebtedness be represented by promissory notes, open account, or otherwise, including also any indebtedness of any grantor herein made as joint maker, surety, endorser or guarantor, either direct, contingent or indirect, together with all extensions and renewals of any of the aforementioned obligations, or any part thereof, and whether otherwise secured or not.
Thereafter, on November 30, 1976, Percy Lee Green executed a second installment note secured by a deed of trust covering the above mentioned property in favor of Delta Loans, Inc. Title to the property was not vested in Percy Lee Green at the time as he had earlier conveyed the property to his father, Washington Green, Jr. This second promissory note represented the remaining balance due on the first loan obtained in 1974 along with finance charges plus an additional sum making a total of $3,500.00. The original deed of trust executed by Percy Lee Green on September 10, 1974, was not satisfied on the records in the Chancery Clerk's office in Madison County.
Payments thereafter became delinquent on the indebtedness and Whiteway Finance, Inc.[1] instituted foreclosure procedures under the September 10, 1974 deed of trust which contained the above mentioned dragnet clause. The company had learned that at the time Percy Lee Green executed the second deed of trust in 1976 in favor of Delta Loans that he did not have title to the property secured by the second deed of trust as he had previously conveyed the property to his father and had not revealed this fact to the loan company. Washington Green not only had constructive notice of the first deed of trust but admitted that he had actual knowledge, because he was giving Percy the money to make the payments on the loan.
Thereafter, Washington Green, upon learning of the foreclosure proceedings sought to enjoin Whiteway Finance from foreclosing on the September 1974 deed of trust secured by the land conveyed by Percy Lee Green to Washington Green. The chancellor found that the debt secured by the 1974 deed of trust was paid in full and thus that deed of trust securing the debt was to be extinguished and held unenforceable.
Whiteway Finance, Inc. (Delta Loans, Inc.) appeals citing as error, inter alia, the failure of the chancellor to enforce the "dragnet clause" contained within the September 10, 1974 deed of trust, which was *1353 executed and filed for record while Percy Lee Green had legal title to the property. The pertinent part of that dragnet clause specifically stated that it secured "... not only the aforementioned but also such future and additional advances as may be made to the grantors, ... by the beneficiary ... as well as any additional indebtedness heretofore, now, or hereafter contracted with the beneficiary by the grantors, or either of them, before the cancellation of record of this instrument, whether such indebtedness be represented by promissory notes, ... or otherwise, ... and whether otherwise secured or not." (Emphasis added).
The chancellor noted that the disclosure form required under the Truth in Lending Act made in connection with the 1974 loan provided that "this loan was secured by a ... land deed of trust ... and will secure future advances and other indebtedness ..." and also that the deed of trust "provides for the securing of future and additional advances." In discounting the applicability of the dragnet clause, the chancellor stated: "However, neither installment note involved makes any reference to additional advances. The statement that future advances and other indebtedness will be secured by a prior deed of trust does not make such a fact as to later loans."
Although both appellant and the appellee strenuously argue as to whether the 1976 note is a renewal or novation of the 1974 note, the controlling principle involved is that "dragnet clauses" are valid and enforceable in Mississippi. See Trapp for Use and Benefit, etc. v. Tidwell, 418 So.2d 786 (Miss. 1982); Newton County Bank, Louin Branch Office v. Jones, 299 So.2d 215 (Miss. 1974); Holland v. Bank of Lucedale, 204 So.2d 875 (Miss. 1967); and Walters v. M & M Bank of Ellisville, 218 Miss. 777, 67 So.2d 714 (1953). No matter what transpired between the parties in finalizing the 1976 loan and in computing the amount of that loan, absent the 1974 deed of trust being satisfied on the record, the proceeds from that loan fall within the terms of the dragnet clause in the 1974 deed of trust.
In Walters, supra, a note for $200.00 secured by a deed of trust was executed by Mr. and Mrs. Walters in favor of the Ellisville Bank. The deed contained a dragnet clause. During the life of the deed of trust, Mr. Walters borrowed additional sums up to $15,000.00 from the appellee. The original note for principal and interest in the amount of $212.80 was consolidated with other debts personal to Mr. Walters in a new promissory note in excess of $7,000.00. At the time the new note was executed, the original note for $200.00 was marked "paid." We affirmed the chancellor who found that "... this meant that the amount of the original note had been renewed in a new note and not actually paid, that that was the only kind of payment made, and that the old note for that reason was returned to appellants." With reference to the dragnet clause, we further stated: "The parties clearly agreed that it would secure debts incurred by both of them and by either of them. No fraud is shown, and under the contracts and the decisions we must enforce the provision as written. Limitations, if any, upon the use of that clause must stem from the Legislature and not from this Court."
In the present case, the proceeds of the 1976 promissory note represented a part of the old 1974 indebtedness as well as additional sums loaned and in either event were covered by the terms of the dragnet clause of the 1974 deed of trust.
In our opinion, the chancellor erred in not enforcing the dragnet clause and cancelling the deed of trust dated September 10, 1974. Therefore, the judgment of the lower court is reversed and the deed of trust dated September 10, 1974 is reinstated and the cancellation is set aside.
REVERSED AND RENDERED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
PRATHER, J., took no part.
NOTES
[1] Whiteway Finance Company is a successor in interest to Delta Loans, Inc.