509 So.2d 1045 (1987)
Henry Clay COCHRAN and Audrey L. Cochran
v.
DEPOSIT GUARANTY NATIONAL BANK and William S. Mullins, III, Trustee.
No. 56881.
Supreme Court of Mississippi.
July 8, 1987.
Franklin C. McKenzie, Jr., Laurel, for appellants.
Norman Gene Hortman, Jr., Gibbes, Graves, Mullins, Bullock & Ferris, Laurel, for appellees.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the court:
This case presents the question whether the holder of a deed of trust securing an indebtedness may upon default foreclose, notwithstanding the prior renewal of the secured (but now in default) indebtedness by one other than the grantor in the deed of trust. We hold that it may and affirm.
On November 17, 1978, Henry Clay Cochran and Audrey L. Cochran and two others executed and delivered a $125,000.00 promissory note in favor of The First National Bank of Laurel, Mississippi, predecessor of Deposit Guaranty National Bank (hereinafter "Bank"). The Cochrans were Defendants below and are Appellants here. The Bank was Plaintiff below and is one of the Appellees here. On the same day, the Cochrans executed and delivered unto the *1046 Bank's trustee, a deed of trust wherein, as security for the aforesaid indebtedness, they conveyed in trust certain real property owned by them in the city of Laurel, Mississippi. The deed of trust contained a clause which reads as follows:
In addition to the indebtedness specifically mentioned above and any and all extensions or renewals of the same, or any part thereof, this conveyance shall also cover such future and additional advances as may be made to the grantor, or either of them, by the beneficiary, the beneficiary to be the sole judge as to whether or not such future and additional advances shall be made.
The Cochrans entered into this secured transaction in connection with a business venture in which they and two others were involved, a business subsequently incorporated as The Lite House, Inc.
On November 15, 1979, the Bank made a "future and additional advance" and on that same day The Lite House, Inc. made and delivered to the Bank its $86,000.00 promissory note payable in ninety days. The note was endorsed by Henry Clay Cochran and another. This $86,000.00 note was renewed on February 13, 1980, and on June 12, 1980.
After having previously acquired the interest of their co-venturers, the Cochrans, on September 15, 1980, conveyed their interest in The Lite House, Inc. to Lonnie Reynolds. Acting as the new president of the corporation, Reynolds, on November 14, 1980, on March 2, 1981, on October 22, 1981, and on May 10, 1982, made further renewals of the $86,000.00 note in question. Cochran was out of the business at this time and did not participate in these renewals. Subsequently, The Lite House business foundered financially and ultimately failed.
After default, the Bank commenced the present civil action for judicial foreclosure by filing its complaint on December 21, 1983, in the Chancery Court for the Second Judicial District of Jones County, Mississippi. The dispositive issue is whether the November 17, 1978, deed of trust executed by the Cochrans remained valid and enforceable with respect to the $86,000.00 indebtedness originally contracted on November 15, 1979, and renewed so many times. The Chancery Court answered the question in the affirmative. The Cochrans here appeal.
We proceed here in the field of privately made law. Our positive law empowers parties such as the Cochrans and the Bank to make rules regarding their rights and obligations, which we may be called upon to enforce. The parties have acted pursuant to this authority first on November 17, 1978. On that occasion the Cochrans conveyed to the Bank's trustee the property in dispute and agreed that the lien of the deed of trust would secure "any and all extensions or renewals" of the original $125,000.00 indebtedness and also "future and additional advances." Technically speaking, the indebtedness at issue is not an extension or renewal of the original indebtedness but rather it is an extension or renewal of a future advance. Our question is whether that technicality is of consequence.
Without doubt, the deed of trust by its terms secured the original $86,000.00 future advance note executed November 15, 1979. If that note had not been paid or renewed, and if the Bank had thereupon declared default, there would have been no question but that the deed of trust would have stood as security upon which the Bank could have foreclosed.
The Cochrans concede this proposition but argue that their property no longer stands as security for this indebtedness because subsequent renewals were effected by Reynolds and were not signed or endorsed by either of the Cochrans. They rely upon Miss. Code Ann. § 75-3-401 (1972) which provides that "no person shall be liable on an instrument unless their signature appears thereon." But all this means is that the Cochrans have no personal liability on the $86,000.00 note as subsequently renewed by Reynolds. It in no way operates to cancel the original deed of trust.
*1047 We have ancient authority to the effect that the lien of a deed of trust continues enforceable so long as the original debt or any part of it may be traced into a new note, notwithstanding the new note be made by a new debtor. Kausler v. Ford, 47 Miss. 289 (1872); Heard v. Evans, 1 Freem.Ch. 79 (Miss. 1843). These cases state principles applicable in the absence of agreement to the contrary. Here there is no agreement to the contrary. Indeed, the agreement, the privately made law, is that the conveyance was made in trust to secure payment of the indebtedness described in the deed of trust. That indebtedness, as indicated above, includes extensions and renewals and future and additional advances. It is much too late to doubt the enforceability of such agreements. Whiteway Finance Co., Inc. v. Green, 434 So.2d 1351 (Miss. 1983).
There is nothing unorthodox or impermissible about an agreement whereunder one may grant a security interest in his property as security for the debt of another. In Whiteway Finance Washington Green's property was security for the personal debt of his son, Percy Green. In Walters v. M & M Bank of Ellisville, 218 Miss. 777, 67 So.2d 714 (1953), we held that real property of a Mr. and Mrs. Walters was subject to an interest securing indebtedness for which Mr. Walters had sole personal liability. In Holland v. Bank of Lucedale, 204 So.2d 875 (Miss. 1967) we held that a security interest in the real property of parents was enforceable upon default of their son in a debt for which he was personally liable, even though the son had no rights or interests in the land. Moreover, there is nothing in the wording at issue which would suggest that the extension or renewal must have been made at the instance of the original debtor. All that is required is that the debt extended or renewed have been one, the payment of which was secured by the deed of trust at issue.
The Cochrans' only conceivable escape hatch is that the clause at issue provides that the property subject to the deed of trust stands as security only for extensions and renewals of the original indebtedness and/or for future and additional advances, but not for extensions or renewals of future and additional advances. No doubt greater certainty of meaning would appear had the clause at issue, following the words "future and additional advances," there included the words "and any and all extensions or renewals of same." Still, to construe the language employed to include extensions and renewals of the original indebtedness but to exclude extensions and renewals of future advances would make us appear almost silly. Prior to the phrase "future and additional advances" we find the word "such." That word appears to us to refer back to and include within its meaning the language "any and all extensions or renewals of the same." The meaning we should give to "such future and additional advances" is one that includes and considers extensions and renewals of future advances as within its terms. And when the words "any and all" are found prior to "extensions or renewals," we may only rationally find the interpretation that the extension and renewal of the $86,000.00 future advance note at issue was within the coverage and security of the deed of trust.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.