## Daniel McInnis *v.* B. F. Pickett et al.

1. PATENT TO LAND. *Issued to deceased person. Validity thereof.*

Under an act of Congress of 25th of May, 1836 (U. S. Statutes at Large, vol. 5, p. 31), a patent to land, issued by the United States to a deceased person, inures to his heirs.

2. DEED. *Whether passing future acquired interest. Case in judgment.*

N. was one of several children and heirs of her father, who had died leaving certain real estate. She (N.) conveyed to A.. "all the right, title and interest I [the grantor] have in the estate of my father." Afterwards two of N.'s co-heirs died, and she inherited a one-third interest in their respective shares of her father's estate. *Held,* that the interest thus subsequently inherited by N. did not accrue to A. by virture of the conveyance previously made.

APPEAL from the Circuit Court of Jackson County.
Hon. S. H. TERRAL, Judge.
In the year 1840, William Kirkwood died intestate, leaving,

a widow, and five children, namely, Henry, Alexander, William R., Margaret and Nancy. On the 16th of May, 1848, a patent to a certain tract of land was issued to William Kirkwood, the deceased, by the United States government. And on the 20th of July, 1848, a patent to a certain other tract of land was issued to James Baker by the United States government. In September, 1848, Henry Kirkwood conveyed all of his interest in his father's estate to William R. and Alexander Kirkwood. In February, 1849, Nancy Pickett (*nee* Kirkwood) executed a deed to Alexander Kirkwood, reciting that she thereby conveyed " all the right, title and interest I have in the estate of my father." William R. Kirkwood died in 1854, and Margaret Wells (*nee* Kirkwood) died some time thereafter. Neither of them were married or left any issue. The widow of William Kirkwood (father of William R.) died in 1874.

In January, 1872, and February, 1874, Henry Kirkwood, by several deeds, conveyed to his brother Alexander his interest in the estates of William R. and Margaret Kirkwood, deceased. On the 20th of December, 1879, Alexander Kirkwood made a deed to John C. Ely purporting to convey certain lands therein described. In November, 1883, Ely deeded the same lands to Daniel McInnis.

In April, 1887, Nancy Branard (*nee* Pickett, *nee* Kirkwood) brought this action of ejectment to recover of McInnis an undivided one-third part of the land described in the conveyance of Ely to the defendant, and that of Alexander Kirkwood to Ely. The plaintiff died pending the action, and it was revived in the names of B. F. Pickett and others, her heirs and legal representatives.

At the trial of the case, " it was admitted by the parties that William Kirkwood, deceased, is the common source of title and owned at his death the land in controversy." The facts heretofore stated were proven on the trial, and, in addition, Alexander Kirkwood testified that he " had claimed and occupied and paid taxes on this land [the land in controversy] for more than thirty years." It was also proven that this land consists of about one thousand acres of wild, timbered land, unfenced, except a few acres thereof. The defendant testified that he and Ely had paid taxes on the land since 1879.

The plaintiffs introduced in evidence the deed from Nancy Pickett to Alexander Kirkwood ; and the defendant introduced in evidence the patents to William Kirkwood and James Baker, and all the other conveyances above referred to. The description of the land conveyed to the defendant and sued for here does not correspond with the description, or descriptions, in either, or both, of the patents put in evidence.

The trial was by the court, a jury being waived, and the judgment was to the effect, that the plaintiffs, through their mother, Nancy Branard, deceased, are entitled to one-third of two-fifths, or two-fifteenths of the real estate of William Kirkwood, deceased, as the inheritance of their mother from her brother, William R. Kirkwood, deceased, and her sister, Margaret Wells, deceased.

From this judgment the defendant appealed.

*C. H. Wood,* for the appellant.

We contend:

1. That the patents to Wm. Kirkwood and James Baker were made eight years after Kirkwood was dead, and are absolutely void.

2. That the plaintiffs must recover on the strength of their own title, and not on the weakness of the defendant's.

3. That the variance between the pleadings and the original patents are fatal to plaintiff's claim.

4. That Mrs. Branard, in 1849, conveyed her interest, if she had any, in this land.

5. That defendant is an innocent purchaser under the deed of Mrs. Branard, Alex. Kirkwood, Henry Kirkwood, and J. C. Ely for a space of more than thirty-five years. Plaintiff has never paid any taxes or set up any claim to the lands, while Alex. Kirkwood paid the taxes since 1849, and claimed and exercised ownership of the land, and the defendant below bought in good faith and paid the money for this land.

No counsel in this Court for the appellees.

CAMPBELL, J., delivered the opinion of the Court.

The record shows " That it was admitted by the parties that William Kirkwood, deceased, is the common source of title, and

·owned at his death the land in controversy." This narrowed the controversy so as to exclude all question as to the validity ·of the patent or the identity of the land it conveyed, and as to the derivation of title from James Baker. The death of Wm. Kirkwood, before the issuance of the patent to him or " his legal representatives," made no difference as to the validity of the patent, if that was a question in the case. *Hogan* v. *Page*, 2 Wallace, 605. An Act of Congress of 20 May, 1836, U. S. Stat. :at Large, vol. 5, p. 31, provides for such a case and makes the patent enure to the heirs. The conveyance by the plaintiff of all her " right, title and interest in the estate of her father, de- ·ceased," did not estop her from asserting her title by descent ·cast upon her by the subsequent death of a brother or sister ·who were co-heirs with her to her father. Any title she might :subsequently to her conveyance acquire *to the estate she con- ·veyed* would by our statute enure to her grantee, and she could not assert it.

The estoppel is co-extensive with the estate, right or interest ·which the conveyance purports to pass. It did not purport to ·convey an estate which the grantor might at a future day derive ·by descent from her co-heirs.

*Blanchard* v. *Brooks*, 12 Pick. 47 ; *Comstock* v. *Smith*, 13 Pick. 116.

There is no such adverse possession shown as to protect the ·defendant by the statute of limitations.            *Affirmed.*