## D. C. BRAMLETT *v.* CHARLES ROBERTS.

1. QUIT-CLAIM DEED. *Estoppel.  After-acquired title.  Code* 1880, § 1195.

Under § 1195, code 1880, a quit-claim deed of land passes all interest of the grantor, and estops him from asserting an after-acquired adverse title.

2. DEED. *Estate conveyed; how limited.  Descriptive words.*

While such estoppel extends only to the estate or interest which the deed purports to pass, a mere reference therein to the land as being the same purchased by the grantor at sheriff's sale, will be taken as descriptive of the subject matter, and not of the interest or estate conveyed, and will not prevent an adverse title subsequently acquired by the grantor inuring to the grantee under said statute.

FROM the chancery court of Wilkinson county.

HON. CLAUDE PINTARD, Chancellor.

The appellant, D. C. Bramlett, purchased certain lands at execution sale, and received a deed from the sheriff in the usual form. Afterwards he conveyed a half-interest in said lands to one Fitts by a quit-claim deed.  In the descriptive clause of said deed, the lands, besides being particularly described, are referred to as the same lands purchased by Bramlett at the execution sale.  At the time of the sale to Fitts, the wife of Bramlett had purchased certain of the lands at a sale by the tax collector of said county, but the year for redemption had not expired.  Subsequently, Bramlett sold and conveyed his remaining half-interest to Fitts by a similar deed.  Fitts having learned of the tax-deed to the wife of Bramlett made demand upon him to remove the cloud of his wife's claim. Bramlett, though asserting that his wife's claim was superior, procured a deed from her to himself, in order that the question might be more easily tested whether or not he was legally or equitably bound to protect the title conveyed to Fitts.  The latter filed his bill in the chancery court, setting up the foregoing facts, and praying that the title thus acquired by appellant from his wife should be decreed to inure to complainant, as his grantee.  Pending the suit, appellee, Roberts, who had acquired the title of Fitts, intervened by supplemental bill, and was admitted as complainant instead of Fitts.

The only substantial controversy thus presented is whether the conveyances from Bramlett to Fitts estopped the former from setting up the title acquired by him from his wife after the execution of his conveyances. Section 1195, code 1880, a construction of which is involved herein, is as follows :—

"A conveyance of quit-claim and release shall be sufficient to pass all the estate or interest the grantor has in the land conveyed, and shall estop the grantor and his heirs from asserting a subsequently acquired adverse title to the lands conveyed."

The decree of the chancellor was in accordance with the prayer of the bill.

*A. G. Shannon,* for appellant.

Section 1195 of the code applies only when the parties are silent as to the interest conveyed. *Weems* v. *McCaughan,* 7 S. & M. 422.

The estoppel to set up an after-acquired title is limited to the particular estate conveyed. Rawle on Covenants for Title, 416–420 ; *Mitchell* v. *Woodson,* 37 Miss. 569 ; *Bates* v. *Foster,* 8 Am. Rep. 406 ; *Frink* v. *Darst,* 58 Am. Dec. 579 ; *Comstock* v. *Smith,* 13 Pick. 116.

The conveyances from Bramlett limited the interest conveyed to the title acquired at execution sale.

*D. C. Bramlett,* on the same side.

*J. H. Jones,* for appellee.

The whole controversy is settled by § 1195 of the code. The deeds from appellant to Fitts, being without warranty, are quit-claim deeds. Code 1880, § 1235.

Bramlett cannot, therefore, set up, as against appellee, the title subsequently acquired from his wife. See *Chapman* v. *Sims,* 53 Miss. 169 ; *Carter* v. *Bustamente,* 59 Ib. 560.

The reference in the deeds to the lands as being the same as those acquired at sheriff's sale is merely descriptive. It cannot remove the deeds from the operation of the statute.

CAMPBELL, J., delivered the opinion of the court.

We recognize the doctrine that the estoppel of a conveyance of .

land is only " *co-extensive with the estate, right or interest, which the conveyance purports to pass,*" as held in *McInnis* v. *Pickett,* 65 Miss. 354, but the conveyances by Bramlett were not restricted to an estate less than the entire half-interest conveyed by each.   He conveyed a half-interest in the land by one instrument, and the other half by the other.   The reference in the conveyances to the sheriff's deed to him conveying the lands was for purpose of description of the lands, and not a particular interest conveyed.   The sheriff's deed purported to vest in him a fee simple, and his conveyances must be held to have been intended to pass a like estate.   Therefore, any title to these lands subsequently acquired by him inured to and vested in his grantee, by virtue of § 1195 of the code.

*Affirmed.*