Amos LAMPLEY, et al., Plaintiffs,

v.

UNITED STATES of America, acting by and through the Farmers Home Administration Defendant.

No. CIV.A.1:98cv108–D–D.

United States District Court, N.D. Mississippi, Eastern Division.

July 22, 1998.

Christopher D. Hemphill, Colom & Colom, Columbus, MS, for Amos Lampley.

Jim Ming Greenlee, U.S. Attorney's Office, Oxford, MS, for U.S.

*MEMORANDUM OPINION*

DAVIDSON, District Judge.

This matter is before the court on the motion of the defendant to dismiss, or in the alternative for summary judgment. Finding that the defendant's motion is well taken, the court shall grant it. Judgment shall be entered for the defendant on the plaintiffs' claims in this cause. Further, the undersigned shall dissolve the preliminary injunction previously entered by this court prohibiting the United States from foreclosing on the properties which are the subject of this action.

I. Factual and Procedural Background

A. Generally

The plaintiffs originally filed this cause on March 26, 1998, in the Chancery Court of Winston County, Mississippi, as a suit to quiet and confirm title in real property. Complaint ¶ 37. Additionally, the plaintiffs sought to enjoin the foreclosure by the defen-

dant United States on that same real property. Complaint ¶ 38. The defendant United States removed the action to this court on April 3, 1998. The undersigned conducted a hearing on April 13, 1998, on the plaintiffs' motion for injunctive relief. Ultimately, the undersigned granted the plaintiffs' request, and issued a temporary restraining order and a preliminary injunction prohibiting the United States from foreclosing on the subject property. *Lampley, et al. v. United States,* Civil Action No. 1:98cv108–D–D (N.D. Miss. April 13, 1998) (Order Granting Motion for Temporary Restraining Order and Preliminary Injunction). However, this court directed the United States to file a dispositive motion with the court and entered a briefing schedule for the motion. The parties have since made their submissions to this court.

### B. The Real Property

Virtually all of the facts regarding the subject properties in this cause are not in dispute. They are as follows:

#### 1. Tract I—A chronology

*October 21, 1952*—Joe Lampley obtained title to the property hereinafter referred to as "Tract I" via warranty deed from Ms. Nannie B. Manning and via warranty deed from Ms. Nannie B. Manning, Everett Manning, Ms. Lucille Willis, Ms Forrest Cox and Ms. J.C. Breedlove. For the sake of brevity, the court refers to the legal description of this property as contained the Untied States' Itemization of Material Facts. Defendant's Itemization of Material Facts ¶ 1. The plaintiffs do not appear to dispute the validity of this legal description. The deeds were filed with the Chancery Clerk of Winston County, Mississippi, on October 22, 1952.

*December 9, 1955*—Two deeds are executed and filed with the Chancery Clerk of Winston County, Mississippi, in an apparent attempt to perform a strawman transaction[1] and vest Joe Lampley and his wife, Roberta

Lampley, with title to the property as tenants by the entirety. The deeds consisted of one warranty deed from Joe and Roberta Lampley to James D. Calvert. Exhibit "B" to the Complaint, Warranty Deed dated December 9, 1955. The other warranty deed purported to convey Tract I from James D. Calvert to Joe and Roberta Lampley "as an estate in entirety with full rights of survivorship and not as tenants in common." Exhibit "C" to the Complaint, Warranty Deed dated December 9, 1955. Both of these deeds were filed with the Chancery Clerk of Winston County, Mississippi at 2:00 p.m. on December 9, 1955. However, the deed conveying title from Calvert to the Lampleys was filed first, on page 345 of the deed book, and the deed purporting to convey title from the Lampleys to Calvert was filed on page 346 of the deed book.

*April 10, 1967*—Joe Lampley died intestate and left as heirs at law his wife Roberta Lampley and the following children: L.C. Lampley, Edna Hatcher, Christine Smith, Jimmy Lampley, George Lampley, Amos Lampley, Lula Palmer, Sylvester Lampley, Troy Lampley, Willie Pearl Washington and Henry Lampley. The plaintiffs in this action—Amos Lampley, Christine Smith, Troy Lampley and Lula Palmer—are all heirs at law and children of Joe Lampley. To the extent of this court's knowledge, the estate of Joe Lampley was never probated.

*March 20, 1978*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure a promissory note March 20, 1978.

*July 30, 1980*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure promissory notes dated March 20, 1978 and July 30, 1980.

*December 3, 1980*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure prom-

---

1. The court notes that Mississippi statutory law, which was even in effect at the time of these deeds, provides that multiple deeds are not required in order to effect a transfer of title by tenants in common to themselves as tenants by the entirety. Miss.Code Ann. § 89–1–7 ("[A]n estate in joint tenancy or entirety with right of survivorship may be created by such conveyance from the owner or owners to himself, themselves or others, or to himself, themselves and others."). In light of this statutory provision, it is unclear why the Lampleys chose this method to effectuate the transfer of title.

issory notes dated March 20, 1978, July 30, 1980 and December 3, 1980.

*March 25, 1981*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980 and March 25, 1981.

*May 4, 1982*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981 and May 4, 1982.

*July 29, 1982*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981, May 4, 1982 and July 29, 1982.

*May 11, 1983*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981, May 4, 1982, July 29, 1982 and May 11, 1983.

*August 23, 1983*—Roberta Lampley conveyed her interest in Tract I to the plaintiff Amos Lampley by warranty deed. Exhibit "E" to the Complaint. This deed was recorded by the Chancery Clerk of Winston County, Mississippi on that same day.

*March 4, 1985*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract I to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981, May 4, 1982, July 29, 1982, May 11, 1983 and February 1, 1985.

*June 24, 1987*—L.C. Lampley, Edna Hatcher, Christine Smith, Jimmy Lampley, George Lampley, Amos Lampley, Lula Palmer, Sylvester Lampley, Troy Lampley, Willie Pearl Washington and Henry Lampley conveyed all of their interest in Tract I by quitclaim deed to Amos Lampley, Christine Smith, Troy Lampley and Lula Palmer. This deed was recorded by the Chancery Clerk of Winston County, Mississippi on that same day.

2. Tract II—A chronology

*February 20, 1963*—Joe Lampley obtained title to the property hereinafter referred to as "Tract II" via warranty deed from Robert Culbertson and Hettie Culbertson. For the sake of brevity, the court refers to the legal description of this property as contained the Untied States' Itemization of Material Facts. Defendant's Itemization of Material Facts ¶ 2. The plaintiffs do not appear to dispute the validity of this legal description. The deed is filed with the Chancery Clerk of Winston County, Mississippi, on February 21, 1963.

*April 10, 1967*—Joe Lampley died intestate and left as heirs at law his wife Roberta Lampley and the following children: L.C. Lampley, Edna Hatcher, Christine Smith, Jimmy Lampley, George Lampley, Amos Lampley, Lula Palmer, Sylvester Lampley, Troy Lampley, Willie Pearl Washington and Henry Lampley.

*March 2, 1971*—L.C. Lampley, Edna Hatcher, Christine Smith, Jimmy Lampley, George Lampley, Amos Lampley, Lula Palmer, Sylvester Lampley, Troy Lampley, Willie Pearl Washington and Henry Lampley conveyed to Roberta Lampley by warranty deed their interest in Tract II. The deed was recorded by the Winston County Chancery Clerk on March 27, 1971.

*March 20, 1978*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure a promissory note March 20, 1978.

*July 30, 1980*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure promissory notes dated March 20, 1978 and July 30, 1980.

*December 3, 1980*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure promissory notes dated March 20, 1978, July 30, 1980 and December 3, 1980.

*March 25, 1981*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980 and March 25, 1981.

*May 4, 1982*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981 and May 4, 1982.

*July 29, 1982*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981, May 4, 1982 and July 29, 1982.

*May 11, 1983*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981, May 4, 1982, July 29, 1982 and May 11, 1983.

*March 4, 1985*—Roberta Lampley executed a deed of trust in favor of the United States encumbering Tract II to secure promissory notes dated March 20, 1978, July 30, 1980, December 3, 1980, March 25, 1981, May 4, 1982, July 29, 1982, May 11, 1983 and February 1, 1985.

## II. Discussion

### A. Summary Judgement Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden rests upon the party seeking summary judgment show to the district court that an absence of evidence exists in the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996); *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir.1996). Once such a showing is presented by the moving party, the burden shifts to the non-moving party to demonstrate, by specific facts, that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Texas Manufactured Housing Ass'n, Inc. v. City*

*of Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.1994). Substantive law will determine what is considered material. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40 (5th Cir.1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see City of Nederland*, 101 F.3d at 1099; *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir.1995). Further, "[w]here the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see City of Nederland*, 101 F.3d at 1099. Finally, all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom. *See Anderson*, 477 U.S. at 254, 106 S.Ct. 2505; *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir.1995); *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir.1994); *Matagorda County v. Russell Law*, 19 F.3d 215, 217 (5th Cir.1994). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, 1326 (5th Cir.1996); *Richter v. Merchants Fast Motor Lines, Inc.*, 83 F.3d 96, 97 (5th Cir.1996). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

■ The undersigned does note that discovery has yet to be completed in this matter. Generally, the consideration of summary judgment is inadvisable when the parties have not yet had the opportunity to flesh out the discoverable facts. *See, e.g., Gunaca v. State of Texas*, 65 F.3d 467, 469 (5th Cir.1995) ("Rule 56 'mandates the entry of summary judgment, after adequate

time for discovery ... ' ") (emphasis added); *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir.1995) (noting entry of summary judgment appropriate "after adequate time for discovery"). This is not to say that consideration of a motion of summary judgment will never be appropriate before the completion of discovery. *Rosas v. U.S. Small Business Admin.*, 964 F.2d 351, 359 (5th Cir.1992) ("It is 'the established law of this Circuit that a plaintiff's entitlement to discovery prior to a ruling on a summary judgment motion may be cut off when, within the trial court's discretion, the record indicates that further discovery will not likely produce facts necessary to defeat the motion.' ") (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990)). In the case at bar, it appears that many facts are not in dispute and that consideration of summary judgment is appropriate in this particular cause.

### B. The Claims

#### 1. Tract I—The After–Acquired Title Doctrine ("Estoppel by Deed")

■ In support of their position in opposition to the defendant's motion, the plaintiffs charge that in light of the 1967 intestate death of Joe Lampely and the improper filing of the 1955 conveyances, Roberta Lampley only possessed a portion of the legal interests in Tract I of the subject properties when she executed the various deeds of trust in favor of the United States between 1978 and 1985. The plaintiffs' argument is based upon a principle

familiar to all lawyers, to-wit: if a grantor having no title to land purports to convey it by a warranty deed, he will be estopped to show that at the time of the deed he had no title to convey. If he later acquires the

title, his after-acquired title will pass to the grantee without further conveyance by way of estoppel. See Burby, The Law of Real Property, 320 (3d Ed.1965). We call this principle estoppel by deed and have long accepted it in this state. *Perkins v. Kerby*, 308 So.2d 914 (Miss.1975).

*Matter of Estate of Childress*, 588 So.2d 192, 202 (Miss.1991) (Robertson, J., Concurring). In the application of the doctrine, title is transferred to the grantee of the original deed as of the date that the grantor subsequently obtains valid title. *Perkins v. White*, 208 Miss. 157, 165, 43 So.2d 897, 899 (Miss. 1950) ("[S]uch subsequent acquisition will *automatically* inure to the benefit of ... prior vendees.") (emphasis added). According to the plaintiffs' argument, in light of the misfiling of the 1955 deeds, title of the subject properties passed back to the Lampleys by virtue of this doctrine and conveyed title to them as tenants in common.[2] Plaintiff's Brief, unnumbered p. 5 ("The 'after-aquired title doctrine' left Joe and Roberta Lampley holding the property as tenants in common and not as tenants by the entirety as their title was established by equity and not by the deeds.").

■ The plaintiffs offer no legal authority for their contention that the after acquired title doctrine necessarily conveys property to multiple parties as a tenancy in common regardless of the nature of the attempted deed transfer. Established relevant Mississippi caselaw is contrary to this position. Indeed, the interest purportedly conveyed by the deed is crucial to determining the interest actually transferred by virtue of this equitable doctrine. Mississippi law dictates that any such estoppel is coextensive with the estate, right, or interest which the conveyance purports to pass. Mississippi decisions on this point are legion and stretch back more that one hundred years. *See, e.g.,*

---

**2.** If Joe and Roberta Lampley owned Tract I as tenants in common, then Joe Lampley's half interest in Tract I of the property would vest in his heirs-at-law upon his intestate death in 1967. *Matter of Estate of Woodall*, 593 So.2d 471, 471 (Miss.1992); *Alewine v. Pitcock*, 209 Miss. 362, 368, 47 So.2d 147, 147 (Miss.1950); *Hughes v. Hahn*, 209 Miss. 293, 301, 46 So.2d 587, 590 (1950). As Joe Lampley died intestate, his heirs at law would be his wife Roberta Lampley and

his eleven children. Miss.Code Ann. § 91–1–3, 91–1–7. Under this analysis, Ms. Lampley would only obtain a single twenty-fourth interest in Tract I at the time of Joe Lampley's death. At the time she executed the deeds of trust between 1978 and 1985, she would have owned her one-half interest plus the a one twenty-fourth interest inherited from Joe—she would have owned a thirteen/twenty-fourth interest in the property.

*Rosenbaum v. McCaskey,* 386 So.2d 387, 389 n. 3 (Miss.1980); *McLaurin v. Royalties, Inc.,* 231 Miss. 240, 246, 95 So.2d 105, 108 (1957) ("The rule adopted by this Court that the estoppel to assert an after-acquired title is coextensive with the estate, right or interest which the conveyance purports to pass appears to be recognized by the authorities generally."); *Jackson v. Holt,* 192 Miss. 702, 6 So.2d 915, 918 (1942); *Houston v. National Mut. Bldg. & Loan Ass'n,* 80 Miss. 31, 31 So. 540 (1902); *Bramlett v. Roberts,* 68 Miss. 325, 325, 10 So. 56, 56 (1890) ("We recognize the doctrine that the estoppel of a conveyance of land is only 'co-extensive with the estate, right, or interest which the conveyance purports to pass ...'"); *McInnis v. Pickett,* 65 Miss. 354, 3 So. 660, 661 (1888) ("The estoppel is coextensive with the estate, right or interest which the conveyance purports to pass."). Many of these decisions analyze the application of the various versions of a Mississippi statute which makes the after-acquired title doctrine applicable to transfers of title by quitclaim deed instead of merely by virtue of a warranty deed. Miss. Code Ann. § 89–1–37. Nevertheless, as reflected by the previously cited decisions, the coextensive nature of the estoppel applies to both the equitable and statutory doctrines. *Garner v. Garner,* 78 So. 623, 625 (Miss.1918) ("The chancellor erred in not making the estoppel of appellant as grantor *in his warranty deed* coextensive with the estate or interest which he attempted to convey and warrant.") (emphasis added).

 The "estate, right or interest" which the questioned conveyance in this case purports to pass is that of a tenancy by the

entirety.[3] Exhibit "C" to Plaintiff's Complaint, Warranty Deed from ·James D. Calvert to Joe and Roberta Lampley ("I convey and warrant ... an estate in its entirety with full rights of survivorship and not as tenants in common ..."); *see* Miss.Code Ann. § 89–1–7. Therefore, that is the title which was conveyed to Joe and Roberta Lampley on December 9, 1955, by virtue of the after-acquired title doctrine. The doctrine does not provide solace for the plaintiffs in this case, for its application vested Joe and Roberta Lampley with title to the subject properties as tenants by the entirety with full rights of survivorship. Upon the death of Joe Lampley on April 10, 1967, Roberta Lampley became the sole owner of the property. *Welborn v. Henry,* 252 So.2d 779, 780 (Miss.1971) (deed conveying title "as an estate in the entirety with full rights of survivorship and not as tenants in common" sufficient to vest full title in cotenant after other cotenant's death). Therefore, Roberta Lampley possessed full title to the subject properties when she executed the various deeds of trust to the United States between 1978 and 1985, just as if the 1955 deeds had been properly filed. The plaintiff's argument in this regard fails. There are no genuine issues of material fact as to this matter.

2. Tract II—Validity of the Deeds of Trust

 Between the period of March of 1978 and May of 1985, Roberta Lampley executed several deeds of trust in favor of the United States against the subject properties in this action. Each of these deeds of trust contained the following language.

---

**3.** As to the nature of a tenancy by the entirety: An *estate* by entirety is sometimes regarded as a species of, or modified form of, joint tenancy, the modification being rendered necessary by the common-law theory that husband and wife are but one person. The unities of time, title, interest, and possession are common to both estates but in an estate by entirety there is an additional unity, namely, that of person. Strictly speaking, a tenancy by entirety is not a joint tenancy but is a sole tenancy, and, while the two estates resemble each other and possess some qualities in common, yet they differ both in form and substance and are distinguishable, and it has been said that the disfavor with which the courts look on joint tenan-

cies does not extend to estates by entirety. The seizin of the tenants distinguishes the two estates, and a marked, and perhaps the principal, distinction lies in the possibility of severance and destruction.

An estate by entirety may exist only in a husband and wife and may not be terminated by the unilateral action of one of them because they take by the entireties and not by moieties. While the marriage exists, neither husband nor wife can sever this title so as to defeat or prejudice the right of survivorship in the other, and a conveyance executed by only one of them does not pass title. *Ayers v. Petro,* 417 So.2d 912, 914 (Miss.1982).

IN TRUST, NEVERTHELESS, (a) at all times when the note is held by the government ... to secure prompt payment of the note *and any renewals or extensions thereof and any agreements contained therein* .... (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein *or in any supplementary agreement.*

. . . . .

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by this note or any indebtedness to the Government secured by this instrument, .... Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing.

Exhibits D1–D8 to Complaint, Deeds of Trust.

The Mississippi Supreme Court has noted on several occasions that dragnet clauses are valid and enforceable in the state of Mississippi. *Iuka Guar. Bank v. Beard,* 658 So.2d 1367 (Miss.1995); *Whiteway Finance Co., Inc. v. Green,* 434 So.2d 1351, 1352 (Miss. 1983); *Trapp for Use and Benefit, etc. v. Tidwell,* 418 So.2d 786 (Miss.1982); *Newton County Bank, Louin Branch Office v. Jones,* 299 So.2d 215 (Miss.1974); *Holland v. Bank of Lucedale,* 204 So.2d 875 (Miss.1967); *Walters v. Merchants & Manufacturers Bank of Ellisville,* 218 Miss. 777, 67 So.2d 714 (1953). This language, then, was sufficient to create a lien on the subject property for subsequently incurred debts by virtue of renewal or extensions of the secured debts listed on those deeds of trust. The language does not, however, appear to apply to any renewals or extensions of debt *not listed* in the particular deeds of trust. That is, the "dragnet" clauses in the deeds of trust are sufficient to cover renewals and extensions of listed debt, but not to attach to unspecified future debt.

On or about August 23, 1983, Ms. Lampley executed a warranty deed to Tract II to her son Amos Lampley. Ms. Lampley executed the last deed of trust to the United States on May 4, 1985. This deed of trust is also the only deed of trust executed by her subsequent to the execution of the warranty deed to Amos Lampley. In addition to the deeds of trust, Ms. Lampley executed promissory notes to the United States to be secured by the deeds of trust. The last promissory note executed by Ms. Lampley was in 1985.

■ There is apparently no dispute that the 1983 warranty deed from Ms. Lampley to Amos Lampley successfully conveyed title to Tract II. Therefore, Ms. Lampley owned no interest in that property at the time she executed the deed of trust 1985, and that deed of trust was ineffective at conveying any interest in Tract II to the United States. The United States concedes this point. Defendant's Brief, p. 3. The plaintiffs do assert, however, that the 1985 deed of trust did affect the United States' interest in the Lampley property because it constitutes a novation of all of the prior deeds of trust, extinguishing any governmental interest in Tract II. This court does not agree.

The plaintiffs have failed to sufficiently demonstrate the required elements of a novation. The promissory notes involved in this case contained the following language:

If "Consolidation and subsequent loan," "Consolidation," "Rescheduling," or "Reamortization"is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

. . . . .

■ *Security agreements taken in connection with the loans evidenced by these described notes and other related loans or obligations are not affected by this consolidating, rescheduling, or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described*

*notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.*

Exhibits to Government's Motion, Promissory Notes (emphasis added). While the undersigned is unaware of a decision by the Mississippi Supreme Court regarding the elements of a novation, one universally required element of the doctrine in this context is that the parties agree that the formation of a new contract will extinguish all obligations under a previous contract. *See, e.g., Flagg Energy Development Corp. v. General Motors Corp.*, 244 Conn. 126, 709 A.2d 1075, 1084 (1998) ("[A]n essential element of any novation is the extinguishing of the original contract by substitution of a new one."); *Beasley v. Agricredit Acceptance Corp.*, 224 Ga.App. 372, 480 S.E.2d 257, 259 (1997) ("A novation is itself a new contract and must have the following essential elements: (1) a prior valid obligation, (2) the agreement of all parties to the new contract, (3) *the extinguishment of the old contract,* and (4) the validity of the new contract.") (emphasis added); *Marvin's, Inc. v. Robertson*, 608 So.2d 391, 393 (Ala.1992) ("This court has held that to establish a novation there must be: (1) a previous valid obligation; (2) an agreement of the parties thereto to a new contract or obligation; (3) *an agreement that it is an extinguishment of the old contract or obligation;* and (4) the new contract or obligation must be a valid one between the parties thereto.") (emphasis added).

> Discharge of a prior obligation is of the essence of novation; in order to effect a novation, there must be a release of the previous obligation. . . . .
>
> A mere reaffirmation in writing of an oral agreement combined with an acknowledgment of a partial payment is not a novation, *for where the parties indicate that they count on the old contract as existing, for example, by reciting that existing liens will remain in effect, it has not been novated.*

58 AM.JUR.2D *Novation* § 14 (1989) (emphasis added). In the case at bar, the promissory notes specifically and unambiguously indicate that prior liens and obligations are not extinguished or affected by the execution of those promissory notes. Likewise, the language contained in the deeds of trust does not indicate that such a result was the intent of the parties. In short, there is no evidence from which a reasonable juror could conclude that the intent of the parties to the promissory notes and deeds of trust was to extinguish prior obligations under the deeds of trust. The 1985 promissory note does not constitute a novation of prior promissory notes or deeds of trust, and therefore the United States has valid liens by virtue of the deeds of trust executed prior to 1985. This argument does not afford the plaintiffs any relief from foreclosure.

3. Amount of the debt owed/extent of the United States' lien

The plaintiffs assert that summary disposition of this cause is also inappropriate because they have not yet had an opportunity to obtain discovery regarding the exact amount of debt secured by the liens asserted by the United States in this matter. The issue is crucial, they contend, because the precise amount of the debt owed is essential to the rights of the plaintiffs to prevent foreclosure by the United States. Plaintiff's Response Memorandum, unnumbered page 5 ("As payment of [amounts owed] would be the only way to stop a foreclosure sale if this Court grants summary judgment to Defendant, Plaintiffs should be allowed ample time to conduct discovery to determine this amount.").

 The undersigned notes that the plaintiffs' complaint is devoid of any allegation that the amount of debt owed to the United States, and therefore the extent of the liens, are inaccurately calculated by the United States. The matter is not properly before this court and therefore the undersigned cannot address the issue. In any event, the undersigned finds that such a claim is insufficient at this juncture to prevent foreclosure by the United States.

III. Conclusion

Upon careful consideration, the undersigned is of the opinion that the defendant's motion to dismiss, or in the alternative for summary judgment, should be granted. All

of the plaintiffs' claims in this matter shall be dismissed. To the extent that the plaintiffs charge that the monetary value of the United States' liens are in dispute, the undersigned is of the opinion that the plaintiffs have failed to make any such allegation in their complaint and therefore the claim is not properly before this court.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to a memorandum opinion issued this day, it is hereby ORDERED THAT:

1) the motion of the United States to dismiss, or in the alternative for the entry of summary judgment in this matter is hereby GRANTED;

2) the plaintiffs' claims in this cause are hereby DISMISSED;

3) the preliminary injunction previously entered in this cause by this undersigned is hereby VACATED; and

4) this case is CLOSED.

All memoranda, transcripts and other matters considered by the court in ruling upon the defendant's motion to dismiss, or in the alternative for summary judgment are hereby incorporated and made a part of the record in this cause.